OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Columbus Bar Association v. Morgan.
    [Cite as Columbus Bar Assn. v. Morgan (1993),
    Ohio St.3d    .]
Attorneys at law -- Misconduct -- Six-month suspension
    suspended on conditions -- Failing to return papers
    belonging to clients -- Neglect of entrusted legal matters
    -- Failing to cooperate with investigation by the bar --
    Failing to keep Supreme Court apprised of current home and
    office address -- Permitting attorney registration to
    lapse.
    (No. 92-2170 -- Submitted January 6, 1993 -- Decided March 3, 1993.)
On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-09.

Relator, Columbus Bar Association, filed a complaint against respondent, John L. Morgan III, Attorney Registration No. 0020233, charging him with numerous violations of the Code of Professional Responsibility, mainly involving neglect of clients. The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on June 26, 1992. The record and stipulations disclose the following facts:

On March 11, 1991, Diane Lento consulted Morgan about her boyfriend, a state prisoner whose parole had been revoked. Morgan promised to look into the revocation's legality and report his findings to Lento. Lento paid Morgan $150 and gave him certain papers pertaining to the case. Morgan communicated with officials of the Department of Rehabilitation and Correction in an unsuccessful effort to get more information. He reported to Lento that his initial investigation was inconclusive and promised to keep trying to secure information. After that, however, Lento was unable to contact Morgan, despite repeated phone calls. Morgan refunded Lento's money in May 1992, but did not return her papers, despite her requests, until the disciplinary hearing.

In 1989, Marcella Dennis contacted Morgan about a contract dispute involving a recently purchased house. Morgan assigned the case to his associate, Luther Mills. Dennis eventually

lost patience with Mills' handling of her case and contacted Morgan, who informed her that Mills had left the firm. Morgan apologized and pledged to take personal charge of the case. Morgan stipulates that he did not properly supervise Mills' work. In May 1990, Dennis brought Morgan a second case, this one over a cemetery's refusal to honor a contract to bury Dennis' sister. Dennis gave Morgan two contracts between her and the cemetery. Morgan did no work on either of Dennis' cases, did not return her calls, and failed to return her contracts.

In 1990, Larry Kent sought Morgan's counsel in a contract dispute relating to Kent's purchase of a house. Morgan agreed to represent Kent and initially did some work on the case, but subsequently abandoned it. After August 1991, Morgan refused to contact Kent. Morgan moved his offices without notifying Kent and did not return Kent's file until the disciplinary hearing.

Morgan failed to cooperate with relator's investigation of these matters. He did not respond promptly to phone calls, nor did he respond to certified letters and a subpoena. His whereabouts were unknown, as he had moved without notifying this court's Attorney Registration Office. Moreover, he had not arranged for his mail to be forwarded. He did maintain a post office box, but refused to claim certified mail addressed thereto.

In September 1991, Morgan allowed his registration as an attorney to lapse. He failed to renew it until March 1992.

In mitigation, Morgan adduced evidence that he was under severe personal stress during 1991. His wife filed for divorce in 1991 after a year's separation. That same year, a brokerage firm partly owned by Morgan was audited. The audit revealed that an employee had embezzled approximately $400,000. This resulted in federal and state investigations, civil litigation, and tax problems, for which Morgan feared personal liability.

Stephen T. Race, a Methodist pastor who had counseled Morgan, described him as "kind of a broken individual." However, he added that Morgan was beginning to put his troubles behind him and take "initiative and responsibility." John Peden, an attorney formerly employed by Morgan, testified that the conduct alleged in the complaint was "atypical" of him.

Pursuant to the parties' stipulations, the panel found that Morgan violated DR 2-110(A)(2) (failing to return papers belonging to clients) and 6-101(A)(3) (neglect of entrusted legal matters) in the Lento, Dennis, and Kent cases, Gov. Bar R. V(4)(G) (former Gov.Bar R. V[5][A]) by failing to cooperate with the investigation, Gov.Bar R. VI(1)(D) by failing to keep this court apprised of his current home and office addresses, and Gov.Bar R. VI(6) by letting his registration lapse.

The panel recommended a six-month suspension, to be suspended on condition that Morgan commit no further disciplinary violations and undergo six months' counseling, at either Lighthouse Christian Counseling, Inc. of Reynoldsburg, Ohio (where he has been in counseling since May 1992), or a similar program. The board adopted the panel's findings and recommendation.

David S. Bloomfield, Joyce B. Link and Bruce A. Campbell,

for relator.

Brian L. Herzberger, for respondent.

Per Curiam. We concur in the board's findings and adopt the recommended sanction. John L. Morgan III is hereby suspended from the practice of law for six months. This penalty is suspended and Morgan is placed on six months' probation on condition that he commit no further disciplinary violations and undergo six months' counseling during this period as set forth by the board. Pursuant to Gov. Bar R. V(9)(A) and (B), relator will appoint a monitoring attorney to monitor Morgan's compliance with these terms. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.